**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **In re: Donna Marie Fudala** | **Case No. 16-32620-KRH** |
| **AKA Donna F. Marquardt** | **Chapter 13** |
| **Debtor** | |

**NOTICE OF APPLICATION BY COUNSEL FOR DEBTOR FOR**
**AWARD OF ATTORNEY FEES**

NOTICE IS HEREBY GIVEN that counsel for the above-named Debtor has filed an Application for an Award of Attorney Fees.

**Your rights may be affected.**  If you do not want the Court to grant the Application then within twenty-one (21) days of this notice, you or your attorney must

File with the Court a written request for a hearing and an answer explaining your position at:

Clerk of Court
United States Bankruptcy Court
701 E. Broad Street,  Room 4000
Richmond, VA 23219-3515

If you mail your response to the Court for filing, you must mail it to the address listed immediately above and early enough so that the Court will **receive** it within the time period stated above.

You must also send a copy to:

Boleman Law Firm, P.C.
P. O. Box 11588
Richmond, VA 23230-1588

If you or your attorney do not take these steps, the Court may decide that you do not oppose therelief sought in the Application and may enter an Order granting that relief.

Emily Connor Kennedy (VSB #83889)
Mark C. Leffler (VSB #40712)
Boleman Law Firm, P.C.
2104 W. Laburnum Ave., Suite 201
Richmond, VA 23227
Telephone (804) 358-9900
Counsel for Debtor/Plaintiff

Dale W. Pittman (VSB #15673)
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
Telephone (804) 861-6000
Counsel for Plaintiff

Thomas D. Domonoske (VSB #35434)
Consumer Litigation Associates
763 J. Clyde Morris Blvd, Suite 1A
Newport News, VA 23601
Telephone: (540) 442-7706
Counsel for Plaintiff

**Respectfully Submitted,**

**Donna M. Fudala**
By Counsel

By:  /s/ Mark C. Leffler
Emily Connor Kennedy (VSB #83889)
Mark C. Leffler (VSB #40712)
Boleman Law Firm, P.C.
2104 W. Laburnum Ave., Suite 201
Richmond, VA 23227
Telephone (804) 358-9900
Counsel for Debtor/Plaintiff

Dale W. Pittman (VSB #15673)
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
Telephone (804) 861-6000
Counsel for Plaintiff

Thomas D. Domonoske (VSB #35434)
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1A
Newport News, VA  23601
Telephone (540) 442-7706
Counsel for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I certify that on <u>April 7, 2017</u>, I have transmitted a true copy of the foregoing document by CM/ECF or via e-mail to the following parties:

Corey S. Booker, Esquire
LECLAIRRYAN, A PROFESSIONAL CORPORATION
SunTrust Center – 24th Floor
919 East Main Street (23219)
Post Office Box 2499
Richmond, Virginia 23218-2499
Counsel for Defendant

Suzanne E. Wade, Trustee
P.O. Box 1780
Richmond, Virginia 23219

I certify that on <u>April 7, 2017</u>, I have transmitted a true copy of the foregoing document by U.S. first class mail to all necessary parties at the addresses identified on the attached mailing matrix and to the Debtor at:

Donna M. Fudala
3102 Taylor Avenue
West Point, VA 23181

By:    <u>/s/ Mark C. Leffler</u>
         Counsel for Debtor/Plaintiff

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| **In re: Donna Marie Fudala** | **Case No. 16-32620-KRH** |
| **AKA Donna F. Marquardt** | **Chapter 13** |
| **Debtor** | |

## APPLICATION BY COUNSEL FOR DEBTOR FOR
## AWARD OF ATTORNEY FEES

COMES NOW Donna Marie Fudala (the "Debtor"), by counsel, and seeks an award of compensation of attorney fees pursuant to 11 U.S.C. § 362(k).

On October 7, 2016, Donna M. Fudala, (the "Debtor" in the Chapter 13 case and the "Plaintiff" in Adversary Proceeding No. 16-03303-KRH) filed a Complaint to Determine Violation of the Automatic Stay, initiating an adversary proceeding styled as *Fudala v. NC Financial Solutions of Utah, LLC, d/b/a NetCredit*, Adv. Pro. No.16-03303-KRH ("the Adversary Proceeding"). In the Adversary Proceeding, the Plaintiff's attorneys sought payment of attorney's fees pursuant to 11 U.S.C. § 362(k).

On December 1, 2016, the Court entered a Pretrial Order requiring that, if a settlement was reached, the parties would file a Motion to Approve Settlement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. On March 9, 2017, NC Financial Solutions of Utah, LLC, d/b/a NetCredit ("NetCredit"), filed a Motion to Approve Settlement, which this Court granted on March 1, 2017 (the "9019 Motion").

Pursuant to their request in the Adversary Proceeding for an award of fees under11 U.S.C. §362(k), Debtor, by counsel, submits this application for reasonable attorneys' fees. Counsel for the Debtor proposes to disburse the proceeds of the settlement to pay the fees requested in this application, with the remaining proceeds to be paid to the Debtor.

Emily Connor Kennedy (VSB #83889)
Mark C. Leffler (VSB #40712)
Boleman Law Firm, P.C.
2104 W. Laburnum Ave., Suite 201
Richmond, VA 23227
Telephone (804) 358-9900
Counsel for Debtor/Plaintiff

Dale W. Pittman (VSB #15673)
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
Telephone (804) 861-6000
Counsel for Plaintiff

Thomas D. Domonoske (VSB #35434)
Consumer Litigation Associates
763 J. Clyde Morris Blvd, Suite 1A
Newport News, VA 23601
Telephone: (540) 442-7706
Counsel for Plaintiff

1.      At all times during the Adversary Proceeding, and throughout the settlement process, Plaintiff was represented by counsel competent in the prosecution of the matters at issue.

2.      As part of the settlement described in the 9019 Motion, the parties entered into a full and final release of all claims, the scope of which extended beyond the claim of willful violation of the automatic stay as alleged in the Complaint. In connection with evaluating the claims beyond the stay violations—to include claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. Seq., the Virginia Consumer Finance Act, Va. Code § 6.2-1501 et seq., Virginia usury law, Va. Code § 6.2-305(A), among others—or, in the alternative, to litigate the matters presented, the Plaintiff retained experienced consumer litigation attorneys Thomas D. Domonoske, Esquire, and Dale W. Pittman, Esquire, to co-counsel the case.

3.      Counsel for the Plaintiff worked together, and with the Plaintiff, to evaluate the various potential claims the Plaintiff had against NetCredit. Counsel for the Plaintiff considered not only the actions implicating the automatic stay, but also factors such as the total amount of payments the Plaintiff had made on the loan from NetCredit (including interest), the applicable statutory damages, and the accrued attorney fees.

4.      The Plaintiff has approved the terms of the proposed settlement agreement, including the net proceeds after payment of attorney fees.

5.      If approved by the Court, the $20,000.00 in settlement proceeds would be disbursed as follows:

| | |
|---|---|
| To Donna M. Fudala: | $ 5,208.32 |
| To Counsel for Plaintiff: | $14,791.68 |

6.      The total attorney fees attributable to this case are set forth below:

2

| | |
|---|---|
| Boleman Law Firm, P.C. | $13,526.68 |
| Tom Domonoske, Esq. | $ 1,265.00 |
| Dale W. Pittman, Esq. | $    0.00 |

7.    The work performed by members of the Boleman Law Firm in connection with this case is shown on "Exhibit A" and "Exhibit B" attached to this application. Emily Connor Kennedy, Esquire, Mark C. Leffler, Esquire, and Ms. Gina Cross, paralegal, performed services in this case and recorded their time contemporaneously with their performance of the work. The time records in Exhibit A reflect the value of the services rendered that exclusively benefited this Plaintiff. The time records do not duplicate work performed in any other file. From November 20, 2016, through December 14, 2016, services were performed that benefited several similarly-situated Plaintiffs evenly, including the Debtor in *In re Munoz*, Case No. 16-32061-KLP (Motion for Damages for Violation of Stay) and Plaintiffs in the following five (5) adversary proceedings that were pending before this Court at the same time: *Charity v. NC Financial Solutions of Utah, LLC, d/b/a NetCredit*, Adv. Pro. No.16-03121-KLP, *Edmonds v. NC Financial Solutions of Utah, LLC, d/b/a NetCredit*, Adv. Pro. No.16-03122-KLP, *Smith v. NC Financial Solutions of Utah, LLC, d/b/a NetCredit*, Adv. Pro. No.16-03144-KLP, *Lane v. NC Financial Solutions of Utah, LLC, d/b/a NetCredit*, Adv. Pro. No.16-03150-KLP,  and *Johnson v. NC Financial Solutions of Utah, LLC, d/b/a NetCredit*, Adv. Pro. No.16-03152-KLP. As such, time records for such "common time" are presented separately from the time records for this individual Plaintiff's case on Exhibit B, and a separate column has been added to show how each line of recorded time should apply to this case.

8.    The work performed by Mr. Domonoske in connection with this case is shown on "Exhibit C" attached to this application. Mr. Domonoske recorded his time contemporaneously

3

with the performance of his work. His time records do not duplicate work performed in any other file.

9.      NetCredit chose actions that caused counsel to expend significant time. It filed an Answer to the Complaint denying willful violations of the automatic stay, and this Answer caused Plaintiff's counsel to prepare as though it would go to trial. Settlement negotiations were attempted early but were unsuccessful, leading to Plaintiff's counsel expending substantial time on written discovery. NetCredit insisted on a mutual release of all claims after Plaintiff's counsel had already expended substantial time attempting to settle the stay violation claims. At NetCredit's request, Plaintiff's counsel expended further time evaluating the settlement value of all claims—a settlement value which included damages for the stay violations as well as remedies available under various federal and state consumer protection laws—and conferring with the Plaintiff to advise her of the value of these claims and obtain the "global" settlement authority that NetCredit requested.

10.     Even though the Adversary Proceeding only sought remedies for Plaintiff's claim against NetCredit for willfully violating the automatic stay, NetCredit conditioned any settlement of the Adversary Proceeding on the mutual release of all claims between the parties. Plaintiff's Counsel initially lacked permission from Plaintiff to negotiate the value of pre-petition causes of action. However, Counsel for Plaintiff engaged in good faith settlement discussions, attempting to settle the matters alleged in the Adversary Proceeding. Attached as "Exhibit D" is an e-mail dated November 1, 2016, which shows communications between Counsel. Counsel for Plaintiff communicated promptly and responsibly with counsel for NetCredit during settlement negotiations, informing her of Plaintiff's Counsel's concerns regarding NetCredit's delays in responding to offers. These efforts are evidenced by the attached e-mails, dated November 4,

4

2016, ("Exhibit E") and November 16, 2016 ("Exhibit F"), which show communication between counsel. Finally, Plaintiff's counsel worked conscientiously to avoid incurring unnecessary fees by communicating with NetCredit's counsel to seek stipulations of fact. As shown by the attached e-mail dated November 28, 2016 ("Exhibit G"), NetCredit's counsel promised stipulations, but did not provide stipulations. As a result, Plaintiff's counsel proposed stipulations to NetCredit. In response to these proposals, NetCredit told Plaintiff's counsel only what it would <u>not</u> agree to without ever proposing stipulations that it <u>would</u> agree to. For these reasons, Plaintiff's counsel was unable to avoid incurring fees related to preparing Pretrial Disclosures and issuing written discovery—even as they continued to pursue what was ultimately a settlement of the Adversary Proceeding and the pre-petition causes of action.

11.    As shown in this application, the hourly rates and time expended are reasonable and supported by the evidence in the record.

12.    Involving several lawyers on Plaintiff's team of counsel was warranted and prudent given the demands of this case. "There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." <u>Norman v. Hous. Auth</u>, 836 F.2d 1292, 1302 (11th Cir. 1988)(approvingly cited in <u>Randle v. H&P Capital, Inc.</u>, No. 3:09cv608, 2010 U.S. Dist. LEXIS 74994 (E.D. Va. July 21, 2010), adopted in part 2010 U.S. Dist. LEXIS 101509 (E.D. Va. Sept. 23, 2010); affirmed in part and appeal dismissed in part by <u>Randle v. H&P Capital, Inc.</u>, 2013 U.S. App. LEXIS 4506 (4th Cir. Va., Mar. 5, 2013)).

13.    Counsel for Plaintiff has incurred additional time and expense in preparing the instant Application for Compensation and in connection with the pending Rule 9019 Motion.

5

## <u>CONCLUSION</u>

The settlement proposed for approval is the reasonable product of litigation that was

resolved through arms-length negotiation after a thorough and competent evaluation of the value

of all of Plaintiff's claims against NetCredit. The settlement amount was understood by all

parties to include compensation for the Plaintiff's counsel. Counsel for Plaintiff request that the

Court approve the attorney fees of $14,791.68, and approve Plaintiff's counsel to disburse

settlement proceeds to pay those fees.

**Respectfully Submitted,**

**Donna M. Fudala**
By Counsel

By:  /s/ Mark C. Leffler
Emily Connor Kennedy (VSB #83889)
Mark C. Leffler (VSB #40712)
Boleman Law Firm, P.C.
2104 W. Laburnum Ave., Suite 201
Richmond, VA 23227
Telephone (804) 358-9900
Counsel for Debtor/Plaintiff

Dale W. Pittman (VSB #15673)
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
Telephone (804) 861-6000
Counsel for Plaintiff

Thomas D. Domonoske (VSB #35434)
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1A
Newport News, VA  23601
Telephone (540) 442-7706
Counsel for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I certify that on <u>April 7, 2017</u>, I have transmitted a true copy of the foregoing document by CM/ECF or via e-mail to the following parties:

Corey S. Booker, Esquire
LECLAIRRYAN, A PROFESSIONAL CORPORATION
SunTrust Center – 24th Floor
919 East Main Street (23219)
Post Office Box 2499
Richmond, Virginia 23218-2499
Counsel for Defendant

Suzanne E. Wade, Trustee
P.O. Box 1780
Richmond, Virginia 23219

I certify that on <u>April 7, 2017</u>, I have transmitted a true copy of the foregoing document by U.S. first class mail to all necessary parties at the addresses identified on the attached mailing matrix and to the Debtor at:

Donna M. Fudala
3102 Taylor Avenue
West Point, VA 23181

By:     <u>/s/ Mark C. Leffler</u>
        Counsel for Debtor/Plaintiff

7

Label Matrix for local noticing
0422-3
Case 16-32620-KRH
Eastern District of Virginia
Richmond
Fri Apr  7 12:34:49 EDT 2017

SunTrust Mortgage, Inc.
c/o BWW Law Group, LLC
8100 Three Chopt Rd., Suite 240
Richmond, VA 23229-4833

United States Bankruptcy Court
701 East Broad Street
Richmond, VA 23219-1888

ANTIO, LLC
C O WEINSTEIN & RILEY, PS
2001 WESTERN AVENUE, STE 400
SEATTLE, WA 98121-3132

American InfoSource LP as agent for
Spot Loan
PO Box 248838
Oklahoma City, OK  73124-8838

American Public University Sys
111 W. Congress Street
Charles Town, WV 25414-1621

Ashford University
400 N Bluff Blvd
Clinton, IA 52732-3910

CareOne Credit Counseling
8930 Stanford Blvd
Columbia, MD 21045-5805

Comenity/Onestpls
P.O. Box 182789
Columbus, OH 43218-2789

Commonwealth of Virginia
Department of Taxation
P.O. Box 2156
Richmond, VA 23218-2156

Cox Communications
3080 Centreville Road
Herndon, VA 20171-3715

Credit Control Corporation
Re: Tidewater Physicians Multi
11821 Rock Landing Drive
Newport News, VA 23606-4207

Credit Control Corporation
Re:Tidewater Physicians Multi
PO Box 120568
Newport News, VA 23612-0568

DeVry University
Attn: University Acct Services
PO Box 5866
Carol Stream, IL 60197-5866

Devry Education Group
814 Commerce Dr., Suite 200
Oak Brook, IL 60523-1965

GECRB/PAYPAL
P.O. Box 965005
Orlando, FL 32896-5005

GECRB/Wal Mart
PO BOX 276
Mail code OH 3-4258
Dayton, OH 45401-0276

GLELSI
P.O. Box 7860
Madison, WI 53707-7860

Ginny's
c/o Creditors Bankruptcy Service
P.O. Box 800849
Dallas, TX 75380-0849

HSBC
Attn: Bankruptcy Department
PO Box 5253
Carol Stream, IL 60197-5253

Hodges & Bryant
PO Box 194
Gloucester, VA 23061-0194

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Merchants Credit Assoc
4110 Clemson Blvd Ste A
Anderson, SC 29621-1108

Nationwide Debt Management Sol
3609 Bradshaw Road
Suite H-229
Sacramento, CA 95827-3275

NetCredit
200 West Jackson Blvd.
Suite 2400
Chicago, IL 60606-6941

Office of the US Trustee
701 E. Broad Street
Room 4304
Richmond, VA 23219-1885

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Publishers Clearing House
Attn: Bankruptcy Dept
101 Winners Circle
Port Washington, NY 11050-2218

Quantum3 Group LLC as agent for
MOMA Funding LLC
PO Box 788
Kirkland, WA  98083-0788

Riverside Health Credit Union
500 J. Clyde Morris Blvd.
Newport News, VA 23601-1929

Riverside Medical Group
856 J. Clyde Morris Blvd.
Suite A
Newport News, VA 23601-1318

Seventh Avenue
c/o Creditors Bankruptcy Service
P.O. Box 800849
Dallas, TX 75380-0849

SpotLoan
RE: Bankruptcy
P.O. Box 927
Palatine, IL 60078-0927


Stoneberry
c/o Creditors Bankruptcy Service
P.O. Box 800849
Dallas, TX 75380-0849

SunTrust Mortgage
Attn: Bankruptcy Dept.
PO Box 27767
Richmond, VA 23261-7767

SunTrust Mortgage, Inc.
Bankruptcy Department RW 3034
PO Box 27767 Richmond, VA 23261


THD/CBNA
P.O. Box 6497
Sioux Falls, SD 57117-6497

The Swiss Colony
1112 7th Avenue
Monroe, WI 53566-1364

(c)TIDEWATER PHYSICIANS
MULTISPECIALTY GROUP
860 OMNI BLVD STE 401
NEWPORT NEWS VA  23606-4430


US Department of Education
Direct Loan Servicing Center
PO Box 105028
Atlanta, GA 30348-5028

(p)ROBERT P MCINTOSH
U S ATTORNEY S OFFICE
EASTERN DISTRICT OF VIRGINIA
919 E MAIN ST SUITE 1900
RICHMOND VA 23219-4625

United States Department of Education
Claims Filing Unit
P O Box 8973
Madison, WI  53708-8973


Amanda Erin DeBerry
Boleman Law Firm, PC
P.O. Box 11588
Richmond, VA 23230-1588

Christopher John Flynn
Boleman Law Firm
PO Box 11588
Richmond, VA 23230-1588

Donna Marie Fudala
3102 Taylor Avenue
West Point, VA 23181-9523


Laura Taylor Alridge
Boleman Law Firm, P.C.
P.O. Box 11588
Richmond, VA 23230-1588

Suzanne E. Wade
P.O. Box 1780
Richmond, VA 23218-1780



The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Portfolio Recovery Associates, LLC
POB 41067
Norfolk VA 23541

United States Attorney
Main Street Centre - 18th Floor
600 East Main Street
Richmond, VA 23219



Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).


Tidewater Physicians
Multispecialty Group
860 Omni Blvd Suite 304
Newport News, VA 23606-4445

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)NC Financial Solutions of Utah. LLC d/b/a

End of Label Matrix

| | |
|---|---|
| Mailable recipients | 46 |
| Bypassed recipients | 1 |
| Total | 47 |

| Case | When | WHO | Time | Description of Services Rendered | Hourly Rate | Amount |
|---|---|---|---|---|---|---|
| Fudala v. NetCredit | 10/5/2016 ECF | | 0.9 | Teleconference with client regarding Netcredit violating the automatic stay. E-mails back and forth regarding obtaining bank statements (.5) Begin drafting complaint against Netcredit. (.4) | $325.00 | $292.50 |
| | 10/6/2016 ECF | | 1.0 | Finish drafting complaint for turnover of funds against NetCredit. | $325.00 | $325.00 |
| | 10/7/2016 MCL | | 0.4 | Review and revise Complaint. | $425.00 | $170.00 |
| | 10/7/2016 ECF | | 0.5 | Final edits and execute Complaint for filing, prep Exhibit. | $325.00 | $162.50 |
| | 10/11/2016 ECF | | 0.2 | Draft and forward e-mail to Corey Booker with copy of Complaint, request she get her client to return funds debited from Ms. Fudala's bank account. | $325.00 | $65.00 |
| | 10/11/2016 ECF | | 0.1 | E-mails with client re recent communications from NetCredit. | $325.00 | $32.50 |
| | 10/17/2016 ECF | | 0.5 | Prepare Summons and Certificate of Service; execute and forward for filing. | $325.00 | $162.50 |
| | 11/2/2016 MCL | | 0.1 | Draft email to Corey Booker advising her of willingness to continue discussing settlement. | $425.00 | $42.50 |
| | 11/3/2016 MCL | | 0.5 | Review and revise proposed Settlement Agreement in 7 cases (3.5 total time); return to Corey Booker with email advising of need to evaluate quickly. | $425.00 | $212.50 |
| | 11/7/2016 MCL | | 0.1 | Receive and review NetCredit's revised Settlement Agreement; compare to Debtors' previous revisions (0.7 total divided by 7 cases). | $425.00 | $42.50 |
| | 11/7/2016 MCL | | 0.3 | Review and revise proposed Settlement Agreement in 7 cases (2.1 total time); return to Corey Booker with email explaining same. | $425.00 | $127.50 |
| | 11/10/2016 ECF | | 0.2 | Discuss status of settlement discussions with client. | $325.00 | $65.00 |
| | 11/11/2016 MCL | | 0.1 | Draft settlement proposal via email | $425.00 | $21.25 |
| | 11/14/2016 MCL | | 0.2 | Prep for conference call with Corey Booker & NetCredit lawyer, conference call with same, and follow-up email. | $425.00 | $85.00 |
| | 11/14/2016 ECF | | 0.1 | Participate in conference call with Corey Booker and NetCredit lawyer re settlement. | $325.00 | $32.50 |
| | 11/14/2016 MCL | | 0.1 | Teleconference with co-counsel to discuss status of settlement and strategy following conference call with NetCredit lawyers. | $425.00 | $21.25 |

| Date | Timekeeper | Hours | Description | Rate | Amount |
|---|---|---|---|---|---|
| 11/14/2016 | ECF | 0.1 | Teleconference with co-counsel to discuss status of settlement and strategy following conference call with NetCredit lawyers. | $325.00 | $16.25 |
| 11/15/2016 | MCL | 0.3 | Receive and review NetCredit's Answer to Complaint. | $425.00 | $127.50 |
| 11/17/2016 | MCL | 0.1 | Teleconference with Corey Booker re counter-offer; review written proposal. | $425.00 | $42.50 |
| 11/17/2016 | MCL | 0.1 | Draft email re settlement proposal to co-counsel | $425.00 | $42.50 |
| 11/18/2016 | MCL | 0.2 | Draft Memorandum to co-counsel re settlement discussions and strategy. | $425.00 | $85.00 |
| 11/18/2016 | MCL | 0.1 | Teleconference with co-counsel to discuss status of settlement and strategy. | $425.00 | $42.50 |
| 11/18/2016 | MCL | 0.1 | Draft proposed Statement of Authority for forwarding to clients re authority to settle all claims. | $425.00 | $42.50 |
| 11/18/2016 | GMC | 0.2 | Obtained account statements for 6 client accounts with NetCredit. Review payments made by each client and compared to princial loan amount. Provided information to Mr. Leffler and Ms. Fort. Called and left a voicemail for Mr. and Mrs. Charity to obtain | $125.00 | $25.00 |
| 11/18/2016 | MCL | 0.1 | Conference with ECF to discuss value of state and federal court claims. | $425.00 | $42.50 |
| 11/18/2016 | ECF | 0.1 | Conference with MCL to discuss value of state and federal court claims. | $325.00 | $32.50 |
| 11/18/2016 | ECF | 0.8 | Review Donna Fudala's claims against NetCredit, prepare proposal for client; teleconference with client re settlement; email follow-up to client. | $325.00 | $260.00 |
| 11/29/2016 | MCL | 0.2 | Communicate with Corey Booker and co-counsel re Pretrial Conference. | $425.00 | $85.00 |
| 12/7/2016 | ECF | 0.3 | Review and revise Settlement Agreement for 5 individual clients to account for details of each case. | $325.00 | $110.50 |
| 12/8/2016 | ECF | 0.4 | Draft settlement agreement in Fudala v. NC Financial Solutions of Utah. | $325.00 | $130.00 |
| 12/8/2016 | MCL | 0.2 | Review updated Settlement Agreements to adjust paragraphs 3, 6, 7, and 8 re fees inclusive in settlement amount. | $425.00 | $85.00 |
| 12/14/2016 | GMC | 0.1 | Sent e-mail to Ms. Fudala re emotional injury damages evaluation. | $125.00 | $12.50 |

| Date | | Description | Rate | Amount |
|---|---|---|---|---|
| 12/14/2016 GMC | 1.0 | Prepare documents to be attached to Pretrial Disclosures. | $125.00 | $125.00 |
| 12/14/2016 MCL | 0.8 | Prepare, review and revise, execute & serve Pretrial Disclosures. | $425.00 | $340.00 |
| 1/12/2017 ECK | 9.0 | Prepare for Fudala trial by attending trials of Charity, Lane, and Edmonds v. NetCredit. | $350.00 | $3,150.00 |
| 1/13/2017 MCL | 0.7 | Discussion with Tom how discovery should be drafted and what should be included in light of the record at trial. | $435.00 | $304.50 |
| 1/15/2017 MCL | 3.2 | Complete first draft of Interrogatories, Requests for Production of Documents, and Requests for Admissions to NetCredit. | $435.00 | $1,392.00 |
| 1/16/2017 MCL | 1.0 | Review Tom's edits to discovery (0.3); prepare final draft w/Certificate of Service (0.7), and serve to Corey. | $435.00 | $435.00 |
| 1/30/2017 MCL | 0.7 | Review Objections to discovery. | $435.00 | $304.50 |
| 1/31/2017 MCL | 0.2 | Tc with Corey to discuss settlement offer. Email co-counsel re same. | $435.00 | $87.00 |
| 2/1/2017 MCL | 0.3 | Tc with co-counsel re settlement offer, info needed from client in order to respond. | $435.00 | $130.50 |
| 2/5/2017 MCL | 0.4 | Emails with co-counsel re settlement offer, evaluate how much is available for client after payment of fees. | $435.00 | $174.00 |
| 2/6/2017 ECK | 0.8 | Phone call with Ms. Fudala regarding factors that would impact changes of success at trial, as well as NetCredit's settlement offer. (0.6) Phone call with Mark Leffler to update on Fudala v. NetCredit. Drafted e-mail to TD to update as well. (0.2) | $350.00 | $280.00 |
| 2/6/2017 MCL | 0.4 | Emails with ECK re settlement authority (0.2); tc w/ECK re her conversation with client re settlement (0.2). | $435.00 | $174.00 |
| 2/7/2017 ECK | 0.1 | Email to Corey Booker accepting settlement. | $350.00 | $35.00 |
| 2/27/2017 ECK | 0.5 | Review proposed Settlement Agreement, evaluate to confirm it is same text as previously agreed. | $350.00 | $175.00 |
| 2/27/2017 GMC | 0.1 | Tc with client to schedule appointment to review and execute Settlement Agreement. | $150.00 | $15.00 |
| 2/28/2017 ECK | 0.3 | Edit proposed Settlement Agreement so pronouns matched, etc. | $350.00 | $105.00 |
| 3/10/2017 MCL | 0.2 | Receive and review Motion to Approve Settlement. | $435.00 | $87.00 |

| Date | | Hours | Description | Rate | Amount |
|---|---|---|---|---|---|
| 3/22/2017 | MCL | 1.2 | Beginning drafting fee application pleading. | $435.00 | $522.00 |
| 3/23/2017 | MCL | 1.7 | Work on fee application pleading, begin evaluating time records to ensure proper billing of common time to this case. | $435.00 | $739.50 |
| 4/5/2017 | MCL | 1.2 | Complete first draft of fee application, including evaluation of total fees and remainder of proceeds for client. | $435.00 | $522.00 |
| 4/11/2017 | MCL | 0.3 | Estimate for preparation for hearing on Motion to Approve Settlement. | $435.00 | $130.50 |
| 4/12/2017 | MCL | 0.5 | Estimate for attending hearing on Motion to Approve Settlement. | $435.00 | $217.50 |
| 4/12/2017 | MCL | 0.1 | Estimate for reviewing Order Approving Settlement. | $435.00 | $43.50 |
| | | | | | |
| Total | | 33.3 | | | $12,530.25 |

| Case | When | WHO | Time | Description of Services Rendered | Hourly Rate | Amount | Attributable to Fudala |
|------|------|-----|------|----------------------------------|-------------|--------|------------------------|
| All | 11/20/2016 | MCL | 1.4 | Review and revise Settlement Agreement to include mutual release of all claims. | $425.00 | $595.00 | $85.00 |
| | 11/20/2016 | MCL | 0.8 | Draft proposed Stipulations, forward to co-counsel for review and comment. | $425.00 | $340.00 | $48.57 |
| | 11/22/2016 | MCL | 0.4 | Draft and forward email to Corey re proposed Stipulations of Fact (edited prior version) | $425.00 | $170.00 | $24.29 |
| | 11/22/2016 | MCL | 0.3 | Final review and edit of proposed Settlement Agreement | $425.00 | $127.50 | $18.21 |
| | 11/22/2016 | MCL | 0.4 | Final review of settlement demands. | $425.00 | $170.00 | $24.29 |
| | 11/22/2016 | MCL | 0.6 | Draft email to Corey Booker w/Settlement Agreement and settlement demands in each case. | $425.00 | $255.00 | $36.43 |
| | 11/28/2016 | MCL | 0.6 | Email communication w/co-counsel | $425.00 | $255.00 | $36.43 |
| | 11/28/2016 | MCL | 0.6 | Receive email from Corey Booker re Stipulations; draft and forward response. | $425.00 | $255.00 | $36.43 |
| | 11/28/2016 | MCL | 0.2 | Receive and review email re settlement. | $425.00 | $85.00 | $12.14 |
| | 11/29/2016 | ECF | 1.0 | Teleconference with co-counsel re stegy for litigating and settlement. | $325.00 | $325.00 | $46.43 |
| | 11/29/2016 | MCL | 1.0 | Teleconference with co-counsel re stegy for litigating and settlement. | $425.00 | $425.00 | $60.71 |
| | 11/30/2016 | ECF | 1.4 | Draft Notice of Appearance for Tom Domonoske. | $325.00 | $455.00 | $65.00 |
| | 11/30/2016 | GMC | 0.7 | Assist with preparation and filing of Notices of Appearance. | $125.00 | $87.50 | $12.50 |
| | 11/30/2016 | MCL | 1.5 | Teleconference with co-counsel re stegy for litigating and settlement; numerous emails re same. | $425.00 | $637.50 | $91.07 |
| | 12/1/2016 | MCL | 0.5 | Receive email from Corey Booker re Stipulations; further emails with co-counsel. | $425.00 | $212.50 | $30.36 |
| | 12/6/2016 | ECF | 0.7 | Teleconference with co-counsel and Leclair Ryan lawyers re settlement; follow up with co-counsel. | $325.00 | $227.50 | $32.50 |
| | 12/6/2016 | MCL | 0.3 | Email communications with co-counsel. | $425.00 | $127.50 | $18.21 |
| | 12/6/2016 | MCL | 0.5 | Email and teleconference with Corey Booker re settlement issues. | $425.00 | $212.50 | $30.36 |
| | 12/6/2016 | MCL | 0.7 | Teleconference with co-counsel and Leclair Ryan lawyers re settlement; follow up with co-counsel. | $425.00 | $297.50 | $42.50 |
| | 12/7/2016 | ECF | 0.2 | Teleconference with co-counsel re settlement demand. | $325.00 | $65.00 | $9.29 |
| | 12/7/2016 | ECF | 0.3 | Teleconference with MCL to discuss changes needed to Settlement Agreements and to determine which cases each would focus on. | $325.00 | $97.50 | $13.93 |
| | 12/7/2016 | MCL | 0.5 | Evaluate all-in settlement demand amounts. | $425.00 | $212.50 | $30.36 |
| | 12/7/2016 | MCL | 0.2 | Teleconference with co-counsel re settlement demand. | $425.00 | $85.00 | $12.14 |

| | | | | | |
|---|---|---|---|---|---|
| 12/7/2016 MCL | 0.3 | Teleconference with ECF to discuss changes needed to Settlement Agreements and to determine which cases each would focus on. | $425.00 | $127.50 | $18.21 |
| 12/7/2016 MCL | 0.3 | Prepare chart for all clients showing damages and attorney fees for settlement purposes. | $425.00 | $127.50 | $18.21 |
| 12/8/2016 ECF | 0.2 | Discuss with co-counsel settlement offer to be sent to counsel for NetCredit. | $325.00 | $65.00 | $9.29 |
| 12/8/2016 MCL | 0.2 | Discuss with co-counsel settlement offer to be sent to counsel for NetCredit. | $425.00 | $85.00 | $12.14 |
| 12/8/2016 MCL | 0.5 | Prepare and forward settlement offers to Corey Booker. | $425.00 | $212.50 | $30.36 |
| 12/13/2016 MCL | 1.0 | Review all cases, send summarizing email to co-counsel re upcoming events and deadlines. | $425.00 | $425.00 | $60.71 |
| 12/14/2016 MCL | 0.5 | Tc w/Corey Booker re settlement; email co-counsel re same. | $425.00 | $212.50 | $30.36 |
| Total | 17.8 | | | | $996.43 |

**Exhibit C**

| | | |
|---|---|---|
| 1/13/17 | 0.7 | tc Fudala discovery and what we ask for and why we need it |
| 1/16/17 | 0.5 | rev mark's draft of Fudala discovery and review facts and make changes to several and send back (.5) |
| 1/27/17 | 0.2 | review discovery from Corey and see asking for some absurd stuff in addition to normal stuff and consider how to respond |
| 2/2/17 | 0.3 | discuss facts and what is best closing argument and what need to check with client (.3) |
| 2/5/17 | 0.2 | review settlement offer and review past discussions and compute time and email ML |
| 2/6/17 | 0.2 | review email about total time and client's wishes and respond re discovery (.1); emails re what to send corey re fees and stips process and emily's conv with client (.1) |
| 3/8/17 | 0.1 | review and file attorney fee disclosure |
| 3/9/17 | 0.1 | review several emails re settlement and hearing and court filings |

Total        2.3        x $550.00 = $1,265.00

**From:** Mark Leffler
**Sent:** Tuesday, November 01, 2016 10:27 PM
**To:** 'Booker, Corey S.'
**Cc:** Emily Fort; Gina Cross
**Subject:** Multiple debtors v. NetCredit

Dear Corey:

I am writing on behalf of my multiple clients - Lane, Smith, Johnson, Charity, Edmonds, and Munoz – with respect to the matters pending against your client, NetCredit. It is our belief that we should resume our previous attempts to settle the matters alleged in the Complaints (and, in Munoz's case, the Motion), i.e., that your client's willful violations of the automatic stay damaged my clients.

We had hoped to achieve settlement prior to the Pretrial Disclosure phase of these cases in order to minimize attorney fees. For this reason, we agreed to request that the Court extend the deadlines for filing Pretrial Disclosures until Oct. 18 and 19. You and I spoke on October 3, and I made settlement offers to you in each of the cases. I also gave a Tuesday Oct. 11 deadline for acceptance because I wanted to have sufficient time to prepare the Pretrial Disclosures if settlement could not be achieved. Because of the Oct. 10 Veteran's Day holiday and because some progress seemed likely, I extended the deadline for your client to accept to Oct. 12. I even extended it another day to Oct. 13 because your client was celebrating Yom Kippur. However, your client unreasonably chose to condition any settlement of the stay violations on the resolution of the pre-petition causes of action my clients listed in their Schedules, despite my very clear Oct. 7 e-mail that advised you that I had not been retained to pursue the pre-petition causes of action and, therefore, had no authority to settle them. Because of your client's actions in response to our offers of settlement, we withdrew the offers in order to focus on the requirements of the Court's Pretrial Orders.

Unless you are willing to stipulate that your client took intentional actions to collect pre-petition debts after receiving notice of the respective bankruptcies, we only have a few days remaining before I need to serve written discovery on your client. We should do so as soon as possible in order to avoid increasing attorney fees, which will begin occurring soon as I prepare written discovery, including admissions that will likely be sufficient to seek summary judgment on whether your client willfully violated the automatic stay. The deadline to file a Motion for Summary Judgment is Dec. 13, 2016, so I need to get discovery out soon. Therefore, I believe we have this week to discuss settlement before fees begin increasing significantly as a result of discovery. What does your schedule allow this week? I can be available just about any time through Friday.

Since the only likely issue at trial will be the extent of damages, I would strong encourage you that these matters should be settled before a lot more attorney fees accrue pursuing discovery and summary judgment. However, just as have said throughout, I want to emphasize that the only thing we are offering to settle is the

automatic stay violations. Please let me know if you are interested in getting together by phone this week.

Thank you,

Mark C. Leffler
Attorney and Counselor at Law

Boleman Law Firm, P.C.
2104 W. Laburnum Ave.
Suite 201
Richmond, VA  23227
Voice:      804-358-9900
Facsimile: 804-358-8704
Email: mcleffler@bolemanlaw.com
Web: www.bolemanlaw.com

Offices in Richmond, Hampton, and Virginia Beach, Virginia

**Exhibit E**

**From:** Mark Leffler
**Sent:** Friday, November 04, 2016 8:30 AM
**To:** 'Booker, Corey S.'
**Cc:** Emily Fort; Gina Cross
**Subject:** RE: NetCredit Settlement Offers [IWOV-Leclair5.FID1370879]

Corey:

Thanks for your efforts to get a prompt response. There isn't much time to discuss settlement before time and efforts related to discovery will greatly increase attorney fees on our side. Your client's apparent insistence on a mutual release of all claims is taking up time that would be better spent discussing settlement of the stay violation issues. I will, of course, discuss settlement with you at any time, but I will begin working on discovery soon, which will increase the attorney fees—and, thus, also the settlement demand.

Please let me know as soon as you hear back from your client on the revisions to the Settlement Agreement and Release. You are welcome to call my cell phone at        if you should have any questions.

Thanks,

Mark

**Exhibit F**

**From:** Mark Leffler
**Sent:** Wednesday, November 16, 2016 8:02 AM
**To:** 'Booker, Corey S.'
**Cc:** Emily Fort; Gina Cross
**Subject:** RE: NetCredit Stay Violation actions

Corey,

I sent you our settlement offer on Friday after having discussed the issues for weeks, and after having bounced the proposed Settlement Agreement back and forth between us for well over a week. The terms and issues are well understood. I know you were patient while I obtained settlement authority from my seven (7) different clients, and I am trying to be patient, as well. However, time is once again running out, and very soon I will need to commit significant time and resources to preparing written discovery, which will greatly increase the fees (and, as a result, the settlement demand). Accordingly, unless your client approves the settlement offer I made on Friday November 11 by close of business Thursday November 17, it shall be withdrawn automatically.

Please call me at                      if you have any questions.

Thanks,

Mark

**Exhibit G**

**From:** Mark Leffler
**Sent:** Monday, November 28, 2016 5:09 PM
**To:** 'Booker, Corey S.'
**Cc:** Emily Fort; Gina Cross
**Subject:** RE: Proposed Stipulations of Fact

Corey:

Thank you for the email. I've spent most of today preparing written discovery, which I had hoped to avoid in order to keep a lid on the attorney fees. Please recall that you told me on November 17, 2016, that you would send me proposed Stipulations. To date, I still have not received any proposed Stipulations from you. Instead, your client has delayed in responding to the Stipulations I sent you last week, forcing me to devote substantial time to written discovery. Nevertheless, I still hope we can reach an agreement on stipulated facts.

I understand that the facts vary in each case, which means we will need to adjust the proposed Stipulations below. As I said in my email, which is below, I was using the Jeffrey Smith case as an example. In fact, #1 and #2 don't apply as written to the other 6 cases, either. Further, the proposed Stipulations did not ask for agreement as to whether "every" communication/email was to collect a debt but, rather, whether "one or more" communication/email was to collect a debt.

Will your client, in the Jeffrey Smith case, agree to the Stipulations as written? If so, it would seem pretty easy to follow the same template in the other 6 cases, making adjustments for everything from the name of the debtor to the types of actions your client took after receiving the bankruptcy notice, whether email notices, phone calls, or bank debits.

Please advise.

Thanks,


Mark C. Leffler
Attorney and Counselor at Law

Boleman Law Firm, P.C.
2104 W. Laburnum Ave.
Suite 201
Richmond, VA  23227
Voice:      804-358-9900
Facsimile: 804-358-8704
Email: mcleffler@bolemanlaw.com
Web: www.bolemanlaw.com


Offices in Richmond, Hampton, and Virginia Beach, Virginia